**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DIJOSA ESPINOZA** **PLAINTIFF**

**v.** **Case No. 3:26-cv-00314-LPR-JTK**

**DAVID WEST and LUTHER HAGLER** **DEFENDANTS**

# ORDER

In this case, Mr. Espinoza seeks a Writ of Habeas Corpus, Temporary Restraining Order, and Order to Show Cause against David West, the Cross County Sheriff, and Luther Hagler, the Cross County Jail Administrator.[1] But it has become clear to the Court that Mr. Espinoza is no longer in the custody of the named defendants and is now in the custody of U.S. Immigration and Customs Enforcement in Louisiana.[2] A Writ of Habeas Corpus must be "directed to the person having custody of the person detained."[3] The Court does not have jurisdiction if the Petitioner is not in "custody by the authority against whom relief is sought."[4] Thus, this Court lacks subject matter jurisdiction to hear Mr. Espinoza's Habeas Petition against West and Hagler.

If Mr. Espinoza is seeking a Writ of Habeas Corpus for his current detention, he must (1) file his petition in Louisiana, where he is currently detained, and (2) name the individual who is currently detaining him as the defendant. This is case hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

---

[1] *See generally* Pet. for Writ of Habeas Corpus (Doc. 1); Mot. for Temporary Restraining Order (Doc. 3); Mot. for Order to Show Cause (Doc. 5).

[2] *See* Response of Joe Alan Pacheco (Doc. 12) ¶ 4 ("Espinoza has since been transferred to the custody of U.S. Immigration and Customs Enforcement in Louisiana.").

[3] *See* 28 U.S.C. § 2243.

[4] *See Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Whether the problem is one of standing or mootness is an academic discussion. Either way it's an Article III problem.

IT IS SO ORDERED this the 18th day of November 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE